of the action), to January 17, 1895 (the time of the trial). From the judgment entered upon that decision this appeal was taken. It needs no support of authorities to sustain the assertion that the plaintiff's right to rental damage ceased upon defendant's becoming owner of the easements. It is perfectly clear that not later than December 20, 1894, the easements in question became the property of the defendant. The finding of fact by the learned trial judge upon which the judgment is based is as follows (No. 12):

"By the maintenance and operation of said railroad from April 15, 1885, to January 17, 1895, the rental value of said premises has been damaged. with interest awarded because it is necessary for plaintiff's compensation, in the sum of $2,545; and the plaintiff has suffered damages in that amount, through such acts of defendant."

It therefore appears that the court awarded rental damages, subsequent to the acquisition by defendant of plaintiff's easements, for the period from December 20, 1894, to January 17, 1895. Could we ascertain from the findings that the learned trial judge fixed the damage to the rental value for the month of December, 1894, and the month of January, 1895, at a specific sum for each of said months, we might answer the challenge to the judgment, upon the ground we are now considering, by deducting therefrom the pro rata amount for the period subsequent to the acquisition by defendant of plaintiff's easements, and, as thus modified, affirm the judgment. But we have no such guide upon which to base a calculation. We consider the rule laid down in Martin v. Railway Co., 63 Hun, 350, 18 N. Y. Supp. 238, fully supported both by reason and authority, and as applicable to this case. The award for damages subsequent to the time that defendant became owner of the easements was an error that requires a reversal of the judgment. Having reached this conclusion, it is unnecessary to discuss other points raised by the appellant.

Judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(15 Misc. Rep. 42.)

## In re HAEBLER.

(Superior Court of New York City, General Term.　December 18, 1895.)

EXCHANGES—SUSPENSION OF MEMBER.

　　An exchange cannot suspend a member, under a by-law authorizing it, for nonfulfillment of a contract, before the rights of the parties to the contract have been settled by an action, such by-law being contrary to public policy; nor under a by-law providing therefor in case a member is accused of a proceeding inconsistent with just and equitable principles of trade, the exchange having taken no steps to carry out its purpose, recited in its charter, "to inculcate just and equitable principles of trade." People v. New York Produce Exchange (Super. N. Y.) 29 N. Y. Supp. 307, followed.

Appeal from special term.

Application by Ernest T. Haebler for a writ of mandamus against the New York Produce Exchange. The application was granted, and defendant appeals. Affirmed.

The opinion of GILDERSLEEVE, J., at special term, is as follows:

The law as laid down in the prevailing opinion in the case of People ex rel. Johnson v. New York Produce Exchange, 8 Misc. Rep. 552, 29 N. Y. Supp. 307, must control the special term of this court until it shall have been disapproved by a higher tribunal. The complaint and proceedings in that case were practically the same as in the one before me; and the facts so nearly approach those herein disclosed that I feel constrained to regard it as a controlling authority in the matter of this application. In both cases the complaint charged "proceedings inconsistent with just and equitable principles of trade,"—in the one case, by "breach of" a specified contract; in the other, by failure to comply with "the terms of" a specified contract. In both cases the board of managers proceeded, in regular conformity with the by-laws, to investigate the matter; and in both cases they concluded that the accused party had, in their opinion, been guilty of conduct inconsistent with just and equitable principles of trade; and in both cases the accused was suspended, in perfect accordance with the by-laws. The two cases, therefore, being practically identical, and the general term of this court, having decided, in the Johnson Case, that the Exchange was without jurisdiction to suspend the accused, I have no other alternative than to grant the application herein asked for. The application granted, with $50 costs and disbursements to the applicant.

Argued before FREEDMAN and McADAM, JJ.

Baldwin & Blackmar (Abel E. Blackmar, of counsel), for appellant.

Shiland & Honeyman (Robert B. Honeyman, of counsel), for respondent.

PER CURIAM. The order appealed from should be affirmed, with costs, upon the opinion at special term.

---

(15 Misc. Rep. 10.)

SHAFARMAN v. JACOBS et al.

(Superior Court of New York City, General Term. December 18, 1895.)

PLEADING AND PROOF—VARIANCE—AMENDMENT.

Variance between a complaint for recovery of goods on the ground of a wrongful taking, and evidence that the property was obtained from plaintiff by means of false and fraudulent representations, cannot be cured by amendment, as such an amendment would change the entire cause of action.

Appeal from jury term.

Action by Louis Shafarman against Max Jacobs and others to recover chattels. The complaint was dismissed, and judgment in favor of defendant Max Jacobs was directed for a return of the chattels, and plaintiff appeals. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

Jacob Manheim, for appellant.

Max Altmayer, for respondent.

GILDERSLEEVE, J. This action was brought to recover certain chattels, and the appeal is from an order entered at trial term dismissing the complaint, with costs, and directing the return of certain